# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: April 19, 2022

```
* * * * * * * * * * * * * * * * *
JESSICA DAVIS                    *        UNPUBLISHED
Parent of C.D., a minor          *
                                 *
                                 *        No. 19-410V
              Petitioner,        *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *        Petitioner's Motion for Dismissal;
AND HUMAN SERVICES,              *        Insufficient Proof; transverse
                                 *        myelitis ("TM"); DtaP, Hep B, IPV,
                                 *        Hib, PCV, rotabirus.
              Respondent.        *
* * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Kimberly Shubert Davey*, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On March 18, 2019, Jessica Davis ("petitioner") on behalf of her minor daughter, C.D., filed a claim in the National Vaccine Injury Compensation Program.[2] She alleged that as a result of C.D. receiving Pediarix, conjugated vaccine containing diphtheria-tetanus-acellular pertussis ("DtaP"), hepatitis B ("hep B"), and inactivated poliovirus ("IPV"), pneumococcal vaccine, and rotavirus vaccine on January 13, 2017, C.D. suffered transverse myelitis ("TM"). Petition (ECF No. 1).

On April 15, 2022, petitioner filed a motion for a decision dismissing this claim. Petitioner's Motion ("Pet. Mot.") (ECF No. 58). The motion provides that petitioner has chosen not to move forward with her petition for compensation in the Vaccine Program. Pet. Mot. at 1.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petitioner is aware that a decision by the special master dismissing the petition will result in a judgment against petitioner and will end all of petitioner's rights in the Vaccine Program. *Id*. at 1-2. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action. *Id.* at 1-2. This matter is now ripe for review.

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.,* 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present case, petitioner does not allege a Table injury. Thus, to prevail on entitlement petitioner must establish that the vaccines administered to C.D. on January 13, 2017, were the cause of her neurological condition. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

Several challenges to petitioner's claim have been apparent over the past three years it has been pending. The first challenge would be to establish whether C.D. actually had TM, considering that her early medical records reflect that a number of diagnoses were entertained, including TM. However, experts from both parties agreed that C.D. did not have TM or multiple sclerosis. Pet. Exhibit ("Ex.") 26 at 51; Resp. Ex. A at 9-11. Instead, petitioner's own expert Yuval Shafrir, M.D., opined that the correct diagnosis is acute disseminated encephalomyelitis ("ADEM") with brainstem and cervical spinal cord involvement. Pet. Ex. 26 a 51; Pet. Ex. 71 at 4. Respondent's expert, Tim Lotze, M.D. disagrees that C.D. meets the diagnostic criteria for ADEM, and instead opines that C.D.'s proper diagnosis is "viral rhombencephalitis with myelitis producing cranial nerve dysfunction and acute flaccid paralysis (i.e., acute flaccid myelitis ('AFM'))" with the most likely etiology being a virus that was not identified in laboratory testing. Resp. Ex. A at 9-11; Resp. Ex. C at 5.

The diagnosis is complicated by her medical records which show that her first medical presentation was for an upper respiratory infection ("URI") around the same time as the eye movements, which were the first documented symptoms of C.D.'s neurological condition. Pet. Ex. 6 at 3846; Pet. Ex. 26 at 51. There still remains uncertainty about the date of the onset of abnormal eye movements in the medical records, and the overall picture appears more consistent with a diagnosis of AFM secondary to an URI. Therefore, I explained that it would be difficult to demonstrate that C.D.'s vaccinations were the cause of her condition, especially as she had an intervening viral illness in close proximity to the onset of neurological symptoms.

In this case, there is insufficient evidence by way of either medical records or expert opinion to carry petitioner's burden of proof under *Althen*. Petitioner's claim therefore cannot succeed and in accordance with her motion must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master